## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| MELISSA SAULSBERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-CV-00074-NCC |
| ) | |
| MARK TWAIN WATER ZONE, LLC ) | |
| and COLLIN NIMSGERN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Melissa Saulsbery's Motion to Amend Complaint to Add Defendants and to Amend Scheduling Order Accordingly (Doc. 31). The motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 6). For the following reasons, Plaintiff's Motion will be **GRANTED**.

### I. Background

Plaintiff Melissa Saulsbery ("Plaintiff") filed this action in the Circuit Court of Ralls County, Missouri on August 6, 2019, alleging negligence against Defendants Mark Twain Water Zone ("MTWZ") (Count I) and Collin Nimsgern ("Nimsgern") (Count II) (Doc. 5). Plaintiff alleges that on July 25, 2015, she was injured on a water slide at Defendant MTWZ's water park when Defendant Nimsgern collided with her. Defendant MTWZ removed the action to this Court on the basis of diversity jurisdiction on September 3, 2019 (Doc. 1). The Court subsequently held a Rule 16 Conference and issued a Case Management Order on November 13, 2019 (Docs. 25, 26). Relevant to the current motion, the deadline to file motions to amend pleadings or join

parties was January 8, 2020 (Doc. 26).  On April 9, 2020, at the request of the parties, the Court entered a First Amended Case Management Order which continued the expert disclosure deadlines and thus the remainder of the discovery, dispositive motion, and trial deadlines, but not the deadline for motions to join parties or amend pleadings (Doc. 30).

On June 3, 2020, Plaintiff filed the current Motion in which she seeks to amend her Petition to add as defendants Legacy RV Resorts, Bryant Friendswood Management Company, and Bruce Bryant (Doc. 31).  Plaintiff argues, without citation to any case law or the Federal Rules of Civil Procedure, that she just learned of these parties at the May 26, 2020 and May 27, 2020 depositions of several individuals who worked at the MTWZ water park on the date of the incident.  Plaintiff asserts that these deponents indicated that the employees who worked at the MTWZ water part were employees of Legacy RV Resorts or Bryant Friendswood Management Company not Defendant MTWZ.  Plaintiff does not offer any argument as it relates to Bruce Bryant but does include him on the proposed amended complaint.  Plaintiff indicates that judicial economy requires that these additional parties be included in the current lawsuit to avoid competing suits regarding the same subject matter.  Defendant Nimsgern consents to the Motion.

Defendant MTWZ filed a response in opposition, arguing that it has correctly identified itself as the owner of the water park and has explicitly indicated that it acquired the water park from a previous owner (Doc. 32).  Defendant MTWZ further asserts that Plaintiff has failed to ask for or take the deposition of a corporate representative and thus cannot claim to have sufficient knowledge of the ownership or structure of MTWZ.  Thus, MTWZ asserts that Plaintiff has failed to show good cause warranting an amendment to the Court's Case Management Order in the guise of adding these additional parties.

At the direction of the Court, Plaintiff filed a reply brief (Doc. 34). Plaintiff argues that counsel diligently filed the current motion upon learning of these additional parties and that any delay in discovery leading to their determination was a necessary result of the parties' agreement to continue depositions from March to May in light of the current pandemic.

## II. Analysis

A motion for leave to amend that is filed after the deadline for filing motions for amendment of pleadings has passed "implicate[s] both Rule 15(a) and Rule 16(b)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). A plaintiff must demonstrate good cause according to Rule 16(b)(4) before pleadings can be amended after the scheduling deadline. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 947-48 (8th Cir. 2012). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman*, 532 F.3d at 715. The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. *Niagara of Wis. Paper Corp. v. Paper Indus. Union Mgmt. Pens. Fund*, 800 F.2d 742, 749 (8th Cir. 1986).

The Court finds that Plaintiff has established good cause for seeking leave to amend her complaint. "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014) (quoting *Sherman*, 532 F.3d at 716-17). Here, any delay in the discovery of these

additional parties appears directly related to the current pandemic.  Defendant MTWZ also fails to establish that is would be unduly prejudice by the amendment.  While Defendant MTWZ correctly notes that this action has been pending since August 2019, the parties recently agreed to amend the case management order and, as such, appear to still be in the beginning stages of discovery.  Further, judicial economy warrants amendment because denying the motion may result in competing actions on the same subject matter.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Melissa Saulsbery's Motion to Amend Complaint to Add Defendants and to Amend Scheduling Order Accordingly (Doc. 31) is **GRANTED**.  The Clerk of Court shall detach and docket Plaintiff's First Amended Complaint, attached as an exhibit to the current Motion (Doc. 31-4).

Dated this 21st day of July, 2020.

                                               /s/ Noelle C. Collins
                                               NOELLE C. COLLINS
                                               UNITED STATES MAGISTRATE JUDGE