# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| **MELISSA SAULSBERY,** | ) |
| Plaintiff, | ) |
| vs. | ) |
| **MARK TWAIN WATER ZONE, LLC, COLLIN NIMSGERN, BRYANT FRIENDSWOOD MANAGEMENT COMPANY, and BRUCE BRYANT d/b/a LEGACY RV RESORTS,** | ) Case No. 2:19-CV-00074 NCC |
| Defendants. | ) |
| **MARK TWAIN WATER ZONE, LLC, BRYANT FRIENDSWOOD MANAGEMENT COMPANY, and BRUCE BRYANT d/b/a LEGACY RV RESORTS,** | ) |
| Cross Claimants, | ) |
| vs. | ) |
| **COLLIN NIMSGERN,** | ) |
| Cross Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant and Cross Defendant Collin Nimsgern's Motion to Dismiss Due to Bankruptcy (Doc. 86). After being directed to do so, Defendants and Cross Claimants Mark Twain Water Zone, LLC, Bryant Friendswood Management Company, and Bruce Bryant d/b/a Legacy RV Resorts filed a Response (Doc. 88). Collin Nimsgern subsequently filed a reply (Doc. 89). Thus, the motion is fully briefed and ready for disposition.

The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 64). For the following reasons, Collin Nimsgern's Motion will be **GRANTED**.

## I. Background

Plaintiff Melissa Saulsbery ("Plaintiff") filed this action in the Circuit Court of Ralls County, Missouri on August 6, 2019, alleging negligence against Defendants Mark Twain Water Zone ("MTWZ") (Count I) and Collin Nimsgern ("Nimsgern") (Count II) (Doc. 5). Plaintiff alleges that on July 25, 2015, she was injured on a water slide at Defendant MTWZ's water park when Defendant Nimsgern collided with her. Defendant MTWZ removed the action to this Court on the basis of diversity jurisdiction on September 3, 2019 (Doc. 1). The Court subsequently permitted Plaintiff to amend her complaint to add as Defendants Bryant Friendswood Management Company, Defendant Legacy Resort Communities, LLC d/b/a Legacy RV Resorts, and Bruce Bryant d/b/a Legacy RV Resorts (Doc. 36). Plaintiff voluntarily dismissed Defendant Legacy Resort Communities, LLC d/b/a Legacy RV Resorts on November 12, 2020 (Doc. 57). Defendants MTWZ, Bryant Friendswood Management Company, and Bruce Bryant d/b/a Legacy RV Resorts (hereinafter collectively, "Cross Claimants") filed crossclaims against Nimsgern, seeking an allocation of comparative fault among the parties (Docs. 59, 62, 63).

On May 5, 2021, Nimsgern filed for bankruptcy pursuant to 11 U.S.C. Chapter 7 in the United States Bankruptcy Court for the Eastern District of Wisconsin (the "Bankruptcy Court") and, accordingly, this court ordered a stay of the instant case (Docs. 77-80). On August 4, 2021, the Bankruptcy Court entered an order of discharge and subsequently closed Nimsgern's case (Doc. 81). On August 27, 2021, this Court reopened the present action (Doc. 83). Thereafter,

Nimsgern moved to dismiss the claims asserted against him by Plaintiff and Cross Claimants (Doc. 86).  Nimsgern argues that he should be dismissed from this action because he has been discharged in bankruptcy from any personal liability to Plaintiff or to the Cross Claimants and there are no grounds for allowing this action to continue against him (Doc. 86 at 3).  In response, Cross Claimants request Nimsgern remain in the case for the purpose of fully allocating his percentage of comparative fault (Doc. 88 at 2).  In the alternative, if the Court dismisses Nimsgern, Cross Claimants request the trier of fact determine his percentage of comparative fault (*Id.*).

## II. Analysis

Under 11 U.S.C. § 524, a discharge in bankruptcy operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset such debt as a personal liability of the debtor.  The parties do not dispute that neither Plaintiff nor Cross Claimants sought relief from the bankruptcy stay or sought to modify the injunction provisions of the discharge of Nimsgern.  Cross Claimants assert that although Nimsgern was discharged in Chapter 7 bankruptcy and has no personal liability, this action may continue for the purpose of fully determining Nimsgern's comparative fault.  In support of their assertion, Cross Claimants cite to *In re Christian,* 180 B.R. 548 (E.D. Mo. Bnkr. 1995) and *In re Jet Florida Systems, Inc.,* 883 F.2d. 970 (11th Cir. 1989).  However, these cases are inapplicable in the current action; in both actions, the relevant court found that a plaintiff may commence or continue an action against a discharged defendant to determine liability in order to collect from the debtor's insurer. *In re Christian,* 180 B.R. at 550; *In re Jet Florida Systems, Inc.,* 883 F.2d at 973. *See also Green v. Welsh,* 956 F.2d. 30, 35 (2d Cir. 1992) (finding that section 524 "permits a plaintiff to proceed against a discharged debtor solely to recover from the debtor's insurer.").

Here, Nimsgern is not covered by any applicable liability insurance and any requirement that he remain in the case would be unjust as Nimsgern would be solely responsible for the additional costs of his defense (Doc. 86 at 3; Doc. 89-1 at 1-2).  Therefore, the Court will dismiss Nimsgern from this action.

In the alternative, Cross Claimants request that the Court allow for the allocation of comparative fault to Nimsgern based on his percentage of fault in this matter by including him on the jury verdict form.  The law of Missouri, the forum state, governs this diversity action. *Heatherly v. Alexander*, 421 F.3d 638, 641 (8th Cir. 2005).  "Under Missouri law, [] 'fault is only apportioned among those at trial.'"  *Millentree v. Tent Restaurant Operations, Inc.*, 618 F. Supp. 2d. 1072, 1074 (W.D. Mo. 2009) (quoting *Kansas City Power & Light Co. v. Bibb & Associates, Inc.,* 197 S.W.3d 147, 159–60 (Mo.App.2006)).  *See also* Mo. Rev. Stat. § 537.060 (indicating that when two or more persons are liable in tort for the same injury, a tortfeasor who reaches a settlement agreement with the injured party in good faith is discharged from any and all liability for "contribution or non-contractual indemnity to any other tortfeasor."  Instead, the settlement "shall reduce the claim by the stipulated amount of the agreement, or the consideration paid, whichever is greater.").  Indeed, Missouri Approved Jury Instructions expressly prohibit a defendant from seeking an instruction that the sole cause of the occurrence giving rise to the action was the conduct of someone other than the defendant.  Mo. Approved Jury Instr. (Civil) 1.03 (8th ed).  Similarly, as to comparative fault specifically, Missouri Approved Jury Instructions indicate "the verdict form should not contain a space for the assessment of fault to a nonparty or settling tortfeasor."  Mo. Approved Jury Instr. (Civil) 37.00(K) (8th ed).  Thus, the Court will not permit Nimsgern to be included on the jury verdict form.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant and Cross Defendant Collin Nimsgern's Motion to Dismiss Due to Bankruptcy (Doc. 86) is **GRANTED**.  Defendant and Cross Defendant Collin Nimsgern is **DISMISSED, with prejudice**, from this action.  As such, Defendants and Cross Claimants Mark Twain Water Zone, LLC, Bryant Friendswood Management Company, and Bruce Bryant d/b/a Legacy RV Resorts' Crossclaims (Docs. 59, 62, 63) are also **DISMISSED, with prejudice**.  A partial order of dismissal will accompany this order.

Dated this 15th day of February, 2022.

                                                  /s/ Noelle C. Collins
                                                NOELLE C. COLLINS
                                                UNITED STATES MAGISTRATE JUDGE